GILLETTE v. NOYES et al.

(Supreme Court, Appellate Division, First Department.   March 11, 1904.)

1. TEMPORARY INJUNCTION—PERMANENT RELIEF—NATURE OF ACTION.
    Code Civ. Proc. § 603, provides that where it appears from the complaint that the plaintiff demands and is entitled to judgment against defendant, restraining the commission or continuance of an act the commission or continuance of which during the pendency of the action would produce injury to plaintiff, an injunction may be granted to restrain it; the case provided for being one where the right to an injunction depends on the nature of the action.  *Held,* that where, in a suit to restrain defendants. individually and as officers and directors of a corporation, from holding any meetings or from disposing of any of the treasury stock of the corporation until after final decree, the plaintiff made no demand for permanent relief which a court of equity might decree, the court had no authority to grant a temporary injunction.

2. SAME—EVIDENCE.
    Where, on an application for a temporary injunction, plaintiff's allegation in his complaint and affidavit, so far as they set forth facts charging any improper management on the part of defendants as directors of a corporation, were either made on plaintiff's "understanding," or on information and belief, and the basis of complainant's understanding, or the source of his information, or the grounds of his belief, were not stated, such defect was not cured by the joint affidavit of others that the allegations of plaintiff's complaint and affidavit are true; the effect of such joint affidavit being only that plaintiff's understanding, information, and belief were as alleged.

3. SAME.
    Where plaintiff, who was president and owner of the majority of the stock of a corporation, sought to restrain the sale of the corporation's treasury stock by defendants who formed the majority of the board of directors, on the ostensible ground that they were attempting to dispose of the stock, without consideration, to the injury of the corporation, and asked a temporary. injunction restraining such sale until after a special meeting of the directors called by plaintiff for the election of directors, but it was manifest that plaintiff's object was not to obtain a permanent injunction, but was to restrain the directors from selling sufficient stock to render him a minority holder and prevent his controlling such election, an order granting such temporary injunction was erroneous.

Appeal from Special Term, New York County.

Suit by George H. Gillette against Horatio T. Noyes and others. From different parts of an order granting a temporary injunction, both parties appeal.   Reversed.

The relief demanded in the complaint is an injunction order restraining the defendants, individually and as officers and directors of the defendant corporation, "and any and all other person and persons," from holding a special meeting of the board of directors of the defendant company on the 30th day of November, 1903, and from disbursing any of the assets of the company, including its capital stock, "and from holding any meeting or meetings whatsoever pursuant to any alleged authority claimed to be invested in them, or either of them, or in any manner interfering with the assets, capital, or treasury stocks, patents, or other property of the defendant corporation," or interfering with the company or the rights of the plaintiff and other stockholders therein, "until the final judgment and decree in this action, and for such other and further relief in the premises, as may be just and equitable, besides the costs and disbursements of this action."   The plaintiff alleges that the defendant company was incorporated under the laws of the state of Maine; that he owns or controls the majority of the capital stock issued and outstanding; that the individual de-

fendants are directors of the company, and constitute a majority of the board; that the individual defendants received their stock upon the understanding that they would promote the interests of the company, and procure for it sufficient money to bring about the success of the patents which it owns, but that, instead of doing so, they "have repeatedly taken such steps and measures as would bring upon the company financial disaster"; that, at a conference of the board of directors, it was agreed that the number of directors should be increased from five to seven, and that from among the stockholders of the company two new directors should be elected, who would "insure the procurement of capital very necessary to the welfare" of the company; that, acting upon this understanding, the plaintiff on the 25th day of November, 1903, caused notice of a special meeting of the stockholders for that purpose to be mailed to each stockholder; that it was understood and agreed "that the corporation would continue as it was, without hindrance or molestation from any of the directors or stockholders," until such special meeting, but, notwithstanding such understanding, and in violation of the by-laws, the individual defendants, "with the avowed purpose of transferring and illegally disposing of the treasury stock, assets, franchises, and patents" of the company, have called a special meeting of the board of directors for the 30th day of November, 1903, and, if the meeting be held, "this plaintiff is informed and verily believes that the patents, assets, franchises, property rights, and treasury stock of the said defendant corporation will be disposed of, and said defendants threaten to and are about to dispose of the same, without any consideration, to the detriment and injury of the defendant corporation, and the irreparable loss to the stockholders thereof"; that the plaintiff is the president, and the by-laws provide that special meetings of the board of directors shall be called by the president; that "this action is brought for the purpose of restraining the holding of said special meeting, and to prohibit the fraudulent transfer of the company's stock or assets, in the belief that, if the stock of the said defendant corporation is so disposed of, the said stockholders will have no adequate remedy at law, * * * as these defendants, as this plaintiff is informed and believes, would be unable to respond to a judgment for damages." The order, among other things, enjoins the company, its officers, directors, and stockholders, from disposing of the assets or property of the company, including its capital stock, and from holding any meetings whatsoever, and "from in any manner interfering with the assets, capital, or treasury stock, patents, franchises, or other property" of the company, and "from in any manner interfering with" the company, or of the rights of the plaintiff and other stockholders therein.

The plaintiff appeals from so much of the order as enjoins a meeting of the stockholders, and the defendants appeal from the rest of the order. The affidavit of the plaintiff states that the purpose for which the company was organized was to further a patent invented by him for a cap on bottles, and that in his opinion the invention is of great value; that the individual defendants induced him to turn over to them certain capital stock upon representations that they would interest capitalists in the company, which they have not done; that it was recognized by all that the company was in need of capital, and, with that end in view, it was agreed that the board of directors should be increased from five to seven, substantially as stated in the complaint; that it was his understanding—but he does not say from what he derived the understanding—that the company would not be interfered with until the special meeting of the stockholders for the purpose of increasing the directors, "but I am now informed that, in utter disregard of said understanding, and with the deliberate purpose of injuring the company, and disposing of its treasury stock, assets, patents, and property holdings," the individual defendants, as stockholders and directors, have called a special meeting of the board, as stated in the complaint, "at which they intended to dispose of the said treasury stock and the assets of the said corporation before the special meeting of the stockholders can be held." The plaintiff also presented a joint affidavit, made by three individuals, to the effect that the matters alleged in the complaint and in his affidavit are true, and that they have had numerous interviews and conferences with two of the individual defendants, "and, from what they told us, we believe and know that they intend to transfer, without any consideration, the treasury stock of the said corporation, as well as to injure the said com-

pany, at the special meetings of the directors they have illegally called." An affidavit made by each individual defendant was presented in opposition to the motion, showing that the special meeting of the board of directors was called for the sole purpose of considering the advisability of retaining in the employ of the company a brother of the plaintiff, whose term of service expired on the day for which the meeting was called; that, at the time for which the meeting was held, a conference was held, without a formal meeting of the board, and a satisfactory arrangement was made with reference to continuing the services of the plaintiff's brother, which rendered it unnecessary to hold the meeting, although no injunction had been served, and the individual defendants had no knowledge that it had been obtained; that the entire capital stock of the company was issued to the plaintiff in consideration of a transfer of certain letters patent, upon the understanding, however, that he was to turn over to the corporation capital stock of the par value of $200,000, which was to be sold by the corporation to provide funds for the purpose of promoting the patent, and that he was also to turn over capital stock of the par value of $200,000 to the defendant Noyes, and a like amount to the defendant Horace G. Stripe, and retain capital stock of the par value of $400,000 for himself; that this agreement for the distribution of stock was consummated; that the company's only means of raising funds at present is by a sale of this treasury stock; that part of the treasury stock has been sold from time to time, but that the company is now in pressing need of funds for the purpose of completing and perfecting a machine for the purpose of demonstrating the practicability of the patent, to enable them to make contracts with brewers for the use of the machine; that it is the custom of brewers to make their contracts on or about the 1st of January. Each of the individual defendants denies any intention to sell any property of the corporation, other than its treasury stock, which they deem it necessary to sell, as heretofore, for the purpose aforesaid.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John P. Everett, for plaintiff.

Danl. P. Hays, for defendant.

LAUGHLIN, J. As is shown by the statement of facts, the plaintiff makes no demand for any permanent relief which a court of equity may decree, and therefore there is no authority for granting a temporary injunction in this case, where the right thereto depends upon the nature of the action. Code Civ. Proc. § 603. The allegations of the complaint and the statements contained in his affidavit, so far as they set forth facts charging any improper management on the part of the directors, are either made upon his understanding or upon information or belief, and neither the basis of his understanding, nor the sources of his information, nor the grounds of his belief are stated. This defect is not cured by the joint affidavit, which, when applied to the allegations of the complaint and to the plaintiff's affidavit, merely is to the effect, so far as these matters are concerned, that it is true that plaintiff's understanding, information, and belief are as alleged and stated. The injunction order has had the effect of completely tying the hands of the board of directors, and it appears, as might be expected, that the business of the company is at a standstill in consequence thereof. The provision of the order enjoining special and annual meetings of the stockholders, of which the plaintiff complains, is drastic, but it was evidently imposed as a condition of awarding that part of the injunction which the plaintiff desired. It is evident that there is a serious disagreement between the plaintiff, who owns or controls a majority of the outstanding stock, and the individual

defendants, who, although minority stockholders, constitute a majority of the board of directors. It is manifest that the plaintiff's object in bringing the action was not to obtain a permanent injunction, but to temporarily enjoin the board of directors from selling sufficient treasury stock to render him a minority holder of the outstanding stock, and prevent his controlling the next election of directors. This would be accomplished by the temporary injunction order restraining further sales of stock until after the special meeting of the stockholders to increase the number of directors, at which, by reason of his controlling interest in the outstanding stock, he could secure the election of two individual directors friendly to his interests.

We are of opinion that the plaintiff was not entitled to the temporary injunction order, and that the order, in so far as it is appealed from by the plaintiff, should be reversed, and, in so far as it is appealed from by the defendants, should be reversed, thus vacating the entire order, without costs of the appeal to either party, and that the motion should be denied, with $10 costs. All concur.